THE BOSTON WATER POWER COMPANY *vs.* CITY OF BOSTON.

The Boston Water Power Company are not taxable for their income, which is annually divided among the individual stockholders.

The Boston Water Power Company were taxed, on separate valuations, for their mill, and for land owned by them in fee, which was used solely for the flowing of water from their mill. *Held*, that if the mill and land might have been valued and assessed together, as one estate, and if the taxes, as assessed, were too large, yet that they were not void, and therefore, if paid, could not be recovered back by action; but that the remedy was by application to the proper authority for an abatement.

ASSUMPSIT for money had and received. The suit was brought to recover back taxes assessed upon the plaintiffs' real and personal estate, and paid by them to the defendants, in the four years next before the commencement of the action; viz. $91·70, assessed in said years on personal estate, and $628·50 assessed on real estate. The parties agreed that such judgment should be entered, as the court might direct, upon the following agreed statement of facts:

The plaintiffs are a corporation established by *St.* 1824, *c.* 26. In the years 1839, 1840, 1841 and 1842, the sum of $91·70, in the whole, was assessed, by the assessors of Boston, on the income of the plaintiffs; they having no other personal property. Said income consisted of the profits of a grist mill namely, the usual toll, payable in kind, on grain ground at their mill, situate in Boston, and of the rents of water power and real estate demised to divers lessees. The income of the plaintiffs, after paying their expenses, was divided annually among the individual stockholders.

In the same years, $628·50, in the whole, was assessed, as aforesaid, upon real estate of the plaintiffs. By virtue of their act of incorporation, the plaintiffs are proprietors of a large water power created by the dams erected by the Boston and Roxbury Mill Corporation, (established by *St.* 1814, *c.* 39,) flowing from the full basin, so called, into the receiving or empty basin, so called; a large part of said receiving basin, and a very small part of said full basin, being situate within the limits of the city of Boston, and all the residue within the

limits of the towns of Brookline and Roxbury, in the county of Norfolk.    The plaintiffs are also proprietors of, and carry on, a grist mill, situate in Boston, and worked by the water power aforesaid, which was valued and taxed by the city assessors, for the four years aforesaid, upon a distinct valuation; and said last mentioned tax has been paid by the plaintiffs without objection.

Other and extensive mills, owned by lessees of the water power, are situate, one in Boston, and the others in Roxbury, and use a great part of the water power belonging to the plaintiffs; and the proprietors of these mills are taxed therefor, respectively, in Boston and Roxbury.

The plaintiffs, by virtue of the act incorporating the Boston and Roxbury Mill Corporation, and their own act of incorporation, and of certain indentures of compromise, made with the city of Boston and other owners of lands, have become proprietors of the fee of certain land situate within the limits of Boston, on the eastern side of the said receiving basin, and within the line thereof which is flowed.    The taxes on the real estate of the plaintiffs, which are in dispute in this action, were assessed upon the land last mentioned, upon distinct valuations, separate from said grist mill and mill power.    In 1839, the plaintiffs were assessed for " their works," houses occupied by different persons, and " land in Ward 11 ;" in 1840, for " the works over the dam," houses, &c. and " Ward 11 land; " in 1841, for " mills," houses, and " Ward 11 lot ; " and in 1842, for " grain mills," houses, and " Ward 11 lots."    This land or lot in Ward 11, was the land above mentioned, lying in Boston, on the eastern side of said receiving basin ; is used solely for the purpose of the flowing of water from the wheels of said grist mill, and the other mills above mentioned ; and is covered with water a large portion of the time.    Said land has never been laid out into lots.

The sums sued for, paid in the years 1839, 1840 and 1841, were paid by the plaintiffs, with a denial of the right of the defendants to tax said land or said personal property, but without a formal protest.    The sum paid in the year 1842

was paid after a summons was issued by the treasurer of the city, and under a formal written protest, which was filed, at the same time, with the treasurer; and repayment of said last named sum, and of all the amounts in suit, was demanded of said treasurer, at the same time.

*Gardiner & Pope,* for the plaintiffs. The plaintiffs' land cannot be taxed separately from the mills, as it is all appurtenant to the mills. *Hayden* v. *Foster,* 13 Pick. 497. *Miller* v. *Miller,* 13 Pick. 239. *Boston Manuf. Co.* v. *Inhabitants of Newton,* 22 Pick. 22. By their charter, (*St.* 1824, *c.* 26, § 1,) the plaintiffs were authorized to "hold any quantity of the water power created by the establishment of the dams between Boston and Roxbury, or any lands contiguous to said dams, or within the limits of the basins connected therewith, or either of them," and also "to make flumes, canals, and race-ways, and to construct mill wheels, factories," &c. Their land in the receiving basin is of no value except for flowing; and as their right of flowing it is a franchise, and the land is appropriated, by their charter, to public uses, it is exempted from taxation in the form adopted by the assessors of the city. *Inhabitants of Worcester* v. *Western Rail Road,* 4 Met. 564. *Boston Water Power Co.* v. *Boston and Worcester Rail Road,* 16 Pick. 526, and 23 Pick. 391. *Boston and Roxbury Mill Corp.* v. *Newman,* 12 Pick. 477. *Boston and Roxbury Mill Corp.* v. *Gardner,* 2 Pick. 33.

All personal estate must be assessed to the owner, in the town where he is an inhabitant. Rev. Sts. *c.* 7, § 9. A corporation is not an inhabitant of any town. Besides; the plaintiffs had no personal property, yet they were taxed for income, under the name of such property. But corporations are not taxable for income, nor for personal property. The shares of the stockholders are alone taxable. See Rev. Sts. *c.* 7, § 4. *Salem Iron Factory Co.* v. *Inhabitants of Danvers,* 10 Mass. 514. *Amesbury Woolen and Cotton Manuf. Co.* v. *Inhabitants of Amesbury,* 17 Mass. 461 *Boston and Sandwich Glass Co.* v. *City of Boston,* 4 Met. 181 *Gardiner Cotton and Woolen Factory Co.* v. *Inhabitants of Ga diner,* 5 Greenl. 133.

These were cases of manufacturing corporations; but they were not decided on considerations specially applicable to them, but on the ground that they were bodies corporate. Some of these cases were decided before the statutes respecting manufacturing corporations were enacted.

*J. Pickering*, (City Solicitor,) for the defendants. The tolls and rents received by the plaintiffs were income, and taxable, as such, if at all. Rev. Sts. *c.* 7, § 4. By *St.* 1840, *c.* 78, § 1, grist mills are to be returned by assessors as taxable property; and if anything belonging to such mills can be regarded as personalty, it may be taxed as such. Toll is not taxable as real estate, or as incident to the realty. It is not the profits of real estate, but of the operations carried on upon the realty.

The plaintiffs' *works* or *mills* were assessed, their houses, and their *land* or *lots* in Ward 11. If the latter were not properly taxed, separately from the works or mills, such separate taxation was an over-valuation, for which the plaintiffs' only remedy was by application for an abatement.

Most of the cases cited for the plaintiffs are applicable to manufacturing corporations, *eo nomine*, and do not govern the present case. In 4 Met. 564, the line of the rail road track, without which the purposes of the corporation would not be carried into effect, was held not to be taxable. Thus far there was a public easement, and an appropriation to public uses. But a right granted to a corporation to flow land, for the purpose of obtaining a mill power, is not an appropriation of the land to public use.

SHAW, C. J. The court are of opinion that the plaintiffs are not liable to be taxed for personal estate or income. The whole value of their personal estate is included in the value of the shares of the stock, and, as such, is liable to be taxed to the holders of the shares *eo nomine*. By the Rev. Sts. *c.* 7, § 4, "personal estate shall, for the purposes of taxation, be construed to include stocks in turnpikes, bridges and all monied corporations." By § 9, all personal estate, not excepted in § 10, "shall be assessed to the owner in the town

where he shall be an inhabitant on the first day of May." By § 10, "all goods, wares and merchandize, or any other stock in trade, including stock in the business of any of the mechanic arts, in towns within the State, other than where the owners reside, shall be taxed in those towns, if the owners hire or occupy stores, shops or wharves therein, and shall not be taxable where the owners reside. All machinery, employed in any branch of manufactures, and belonging to any corporation, shall be assessed to such corporation, in the town or other place where such machinery may be situated or employed ; and in assessing the stockholders, for their shares in any manufacturing corporation, there shall first be deducted from the value thereof, the value of the machinery and real estate belonging to such corporation." Here the exception proves the rule. It shows that the general value of the shares shall be taxed to the owners, and not to the corporation.

If this personal property was "stock in trade," or "machinery employed in any branch of manufactures," it should have been so stated ; but being taxed generally, as "personal property," we are not so to understand. Indeed, the case finds that the plaintiffs have no personal property, and that the tax was imposed in respect to income.

If it be said that the plaintiffs are not a manufacturing corporation, then there is no statute provision that subjects any of their personal property to taxation, and the respective owners are taxable for the whole value of the personal property ; and of course the corporation is not taxable.

But the real estate stands upon a different footing ; being taxable where it is situated, whoever is the owner ; and therefore is taxable to the corporation. Indeed, the corporation was taxed, every year, for a considerable amount of real estate ; and of this no complaint is made. But it is insisted that, as that part of the plaintiffs' estate is described as lying in Ward 11, and, in some of the assessments, is described as "lots," it is wrongly taxed as a separate estate, because it was annexed o, or occupied with, the mill, as an entire and inseparable estate  The first answer is, that it was assessed in that mode.

several years, without any objection on the part of the pro-- prietors ; from which their acquiescence may be inferred. Again ; it is understood that they hold the land so taxed by a distinct tenure.  Having authority, by their charter, to take and hold real estate, they have obtained a grant in fee of this parcel of real estate ; whereas, in that part granted to them, by their charter, out of the public domain, they have a per- petual easement for the use of their mills.  But, thirdly, there is no provision of law, that a tax shall be void, when two or more parcels of real estate, belonging to the same owner, and in his own occupation, are assessed together when they might have been severed, or are assessed separately when they might have been united.  In *Hayden* v. *Foster*, 13 Pick. 492, it was decided that the laws contemplated a separate assessment, when tenements and parcels of land, though belonging to the same owner, are in distinct occupations, or subject to distinct demises, mortgages, or other derivative rights ; and in that case, they were, in fact, so separately assessed ; each parcel was subject to a lien for its own tax, and not for the tax on other estates of the same owner.  And we think, on revision, the reasons for such a distinction are quite conclu- sive.

But after all, the whole real estate in the same town or city, belonging to the same owner, constitutes, as between the town or city and the tax payer, but one substantive sub- ject of taxation ; and therefore, when the tax payer has cause of complaint, that the tax is too large, his only remedy is by appeal to the assessors for abatement, and, on their refusal, to the county commissioners, or to those who exercise the same frnctions.  *Osborn* v. *Inhabitants of Danvers*, 6 Pick. 98.  A distinction has been made, for obvious reasons, between real estate and personal property ; and where one is not liable for any tax on personal property, it is held that a tax on his poll and personal property is not an over-taxation, but a wholly void tax, although he, as a non-resident, is taxed for real estate in the same town.  *Preston* v. *City of Boston*, 12 Pick. 7.

It is argued that this property is wholly exempted from tax-

ation, as property appropriated to public use. If it be true that public ways, namely, rail roads, turnpikes and bridges, are so exempted, and the incorporated proprietors are liable only for their shares, we think it does not apply to estates used for purposes not directly incident to the public accommodation contemplated. What was granted to the corporation was simply a right to use a portion of the public land covered with navigable water; but the avowed purpose was to erect mills, and employ or let them. We think there is no analogy between the cases, and that the objection cannot be allowed.

Considering the taxes on the personal and real estate as separate and distinct; that the tax on personal property was not an over-taxation, but a tax which the city had no authority to assess; and that the payment was under notice and claim of exemption; the court are of opinion that the plaintiffs are entitled to judgment for the amount thereof, with interest from the time of demand; 4 Met. 181; but that, in respect to the real estate, their only remedy was an appeal in the manner prescribed by the Rev. Sts. c. 7, §§ 37 – 41.